UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 6:19-CR-24-CHB-HAI-1 |
| v. ) | |
| ) | RECOMMENDED DISPOSITION |
| ABRAHAM AKIN, ) | |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The Court, on referral, considers reported supervised release violations by Defendant Abraham Akin. District Judge Boom entered a judgment against Defendant on November 6, 2019, following a plea of guilty to a violation of 21 U.S.C § 846 (conspiracy to distribute 100 grams or more of a mixture or substance containing a detectible amount of heroin). D.E. 24 at 1. Defendant was originally sentenced to sixty-six months of imprisonment and a five-year term of supervised release. *Id.* at 2–3.

Defendant was released from custody to begin service of his five-year term of supervised release on June 14, 2023. On September 11, 2023, the United States Probation Office ("USPO") issued the Supervised Release Violation Report ("the Report") that initiated these proceedings and secured an arrest warrant on September 11, 2023. Defendant was arrested on September 13, 2023. The Report charges Defendant with four violations stemming from his conduct on August 30, 2023. The Report states:

> "On August 30, 2023, this officer was contacted by the Pulaski County, Kentucky, Sheriff's Department and notified that the defendant arrived at 117 Dye Lane in Nancy, Kentucky, while law enforcement was conducting a search of the property. Law enforcement indicated the defendant was the driver of the vehicle and Katrina Gibson was the passenger. The vehicle and both occupants were searched. Law enforcement located a glass pipe and

a blue pill, believed to be an oxycodone, in a purse belonging to Katrina Gibson. Ms. Gibson was arrested and charged with Possession of a Controlled Substance-1st Degree-1st Offense- K.R.S. § 218A.1415 and Drug Paraphernalia-Buy/Possess-K.R.S. § 218A.500(2). Ms. Gibson made a statement to law enforcement indicating she obtained the pill from the resident of 117 Dye Lane in Nancy, Kentucky.

The defendant was instructed by law enforcement on the scene to meet this officer at his residence upon being released from the scene of the search. Akin met this officer at his residence after leaving the scene and submitted a urine specimen which was sent to Abbot for testing. The results of that testing are outlined in Violations #2 through #4."

Violation #1 alleges that Defendant violated Standard Condition #8, which forbade him from (1) communicating or interacting with someone he knows is engaged in criminal activity and (2) knowingly communicating or interacting with someone convicted of a felony without first getting the permission of a probation officer. The basis for this violation was that Defendant interacted with another individual while that individual was engaging in criminal activity. This is a grade C violation. Violation #2 alleges that Defendant violated Standard Condition #3, which requires that Defendant refrain from any unlawful use of a controlled substance and requires that Defendant submit to drug testing. This is a grade C violation. Violations #3 and 4 allege that Defendant committed another federal, state, or local crime, in violation of Standard Condition #1 and Defendant unlawfully possessed a controlled substance, in violation of Standard Condition #2. The basis for these violations is the positive result for methamphetamine and fentanyl on a drug test administered on August 30, 2023. These are grade B violations. Although he eventually admitted to taking drugs, Defendant initially denied doing so when confronted by his supervising officer.

I.

The Court conducted an initial appearance pursuant to Federal Rule of Criminal Procedure 32.1 on September 14, 2023. D.E. 45. During the hearing, Defendant made a knowing, voluntary, and intelligent waiver of his right to a preliminary hearing. *Id*. At that time, the United States

made an oral motion for detention; Defendant did not argue for release. *Id.* Based on the heavy defense burden under 18 U.S.C. § 3143(a), the Court found detention was required. *Id.*

At the final hearing on September 29, 2023, Defendant was afforded all rights under Rule 32.1 and 18 U.S.C. § 3583. D.E. 46. Defendant waived a formal hearing and stipulated to the violations set forth in the Report. *Id.* The Court found Defendant to be competent to stipulate to the violations and that the stipulation was knowingly, voluntarily, and intelligently made. *Id.* The Court also found the stipulation to be consistent with the advice of Defendant's counsel. *Id.*

Of course, the Court must find "by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3); *see also United States v. Cofield*, 233 F.3d 405, 406 (6th Cir. 2000) ("In order to revoke supervised release, the sentencing court must find by a preponderance of the evidence that a defendant has violated a condition of his supervised release."). Defendant's stipulation permits the Court to find that he engaged in conduct that is a grade B violation under the Guidelines. *See* U.S.S.G. § 7B1.1(a)(2).

During the final hearing, the parties jointly recommended a sentence of twelve months incarceration followed by six months of home detention at the residence where Defendant's mother resides, and a term of supervised release that is set to end of June 13, 2023. Noting that this was a downward departure from the Guidelines, the prosecution nonetheless explained that it was appropriate in this instance due to Defendant's family support and Defendant's potential for re-integration into the community. In particular, the prosecution relied on Defendant's technical training as an electrician and welder. The prosecution acknowledged that Defendant's past conduct was worrisome, particularly the cocaine trafficking that formed the basis for his 2010 conviction. It also recognized that Defendant's lack of candor on August 30, 2023, was concerning. But in the government's view, a twelve-month prison sentence followed by a six-

month stay at his mother's house would be the necessary course correction needed by Defendant. Defense counsel substantially agreed with the prosecution, adding only that the six months of home detention with his mother will ensure that Defendant does not get too much freedom too quickly. Expressing remorse for how his actions negatively affected his family, Defendant committed to doing better in the future and avoiding individuals that would drag him back into the drug life.

II.

Under 18 U.S.C. § 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant's conviction pursuant to 21 U.S.C § 846 is a class B felony. *See* 21 U.S.C. § 841(b)(1)(B); 18 U.S.C. § 3559(a)(2). For a class B felony, the maximum revocation sentence provided under 18 U.S.C. § 3583 is five years of imprisonment. *See* 18 U.S.C. § 3583(e)(3). Consistent with appellate court guidance, this Court takes the Guidelines-recommended sentence as its starting point and has remained cognizant of it in forming its recommended revocation sentence. *E.g.*, *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016).

The Policy Statements in Chapter 7 of the Guidelines provide advisory imprisonment ranges for revocation premised on Defendant's criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. *See United States v. Perez-Arellano*, 212 F. App'x 436, 438 (6th Cir. 2007) ("Although the policy statements found in Chapter Seven of the United States Sentencing Guidelines recommend ranges of imprisonment, such statements 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (internal citation omitted). The Guidelines also instruct that, "[w]here there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more

4

than one offense, the grade of the violation is determined by the violation having the most serious grade." U.S.S.G. § 7B1.1(b).

Under U.S.S.G. § 7B1.1(a), Defendant's admitted conduct qualifies as a grade B violation with respect to violations # 3 and 4 and a grade C violation with respect to violations # 1 and 2. Given Defendant's criminal history category of V (the category at the time of Defendant's conviction in this District) and a grade B violation, Defendant's range, under the Revocation Table of Chapter 7, is 18 to 24 months. *See* U.S.S.G. § 7B1.4(a). Both parties agreed to this calculation of the range.

Congress does ***mandate*** revocation in a case of this nature. By statute, the Court must revoke Defendant's release because he possessed a controlled substance. *See* 18 U.S.C. § 3583(g)(1); *see also United States v. Crace*, 207 F.3d 833, 836 (6th Cir. 2000) (equating use with possession). The Sixth Circuit clearly and repeatedly has equated drug use with drug possession, and Defendant's admitted use in this context undoubtedly results in application of 18 U.S.C. § 3583(g)(1). *See United States v. Hancox*, 49 F.3d 223, 224 (6th Cir. 1995); *see also United States v. Metcalf*, 292 F. App'x 447, 449 n.2 (6th Cir. 2008) ("Mandatory revocation was . . . warranted under § 3583(g)(1), as we have held that use of a controlled substance constitutes possession under that subsection."). The only exception would be if a suitable treatment option, or Defendant's record of involvement in treatment, warranted relief. *See* 18 U.S.C. § 3583(d); *Crace*, 207 F.3d at 835 (holding district court was "required by 18 U.S.C. § 3583(g) to revoke the defendant's term of supervised release upon the defendant's positive drug test and admission of the use of a controlled substance unless defendant could come under the exception in 18 U.S.C. § 3583(d)"). Nothing in the record supports application of the exception.

5

The presence of a grade B violation means that revocation is recommended under the Guidelines. U.S.S.G. § 7B1.3(a)(1) ("Upon a finding of a Grade A or B violation, the court shall revoke probation or supervised release."). Even if revocation were not mandatory, revocation would be appropriate in this case due to the nature of the violation. Neither side argued for a non-revocation penalty.

### III.

The Court has reviewed the entire record, including the Report and its accompanying documents, and Defendant's underlying judgment and sentencing materials. The Court has also considered all of the 18 U.S.C. § 3553(a) factors imported into the § 3583(e) analysis. Through that consideration, the Court recommends adopting the parties' joint proposal.

The Court's consideration of all the statutory factors informs its recommended sentence of revocation with twelve months of imprisonment and six months of home detention within a term of supervised release set to terminate on June 13, 2028. *See* 18 U.S.C. §§ 3553(a), 3583(e). Likewise, the parties addressed the statutory factors in making their sentencing recommendations to the Court.

First, the Court considers the nature and circumstances of the underlying offense. Here, Defendant was convicted of conspiracy to distribute 100 grams or more of a mixture or substance containing heroin. His violation conduct is not directly related to this offense, but does demonstrate continued criminal behavior.

The Court next considers Defendant's history and characteristics. Defendant has a supportive family network. Further, he has trained himself as a welder and electrician. He also has a history of mental health issues. Defendant is intelligent and generally personable. Finally,

Defendant has struggled with drug addiction during his life. This factor supports a less-harsh revocation sentence.

The need to deter criminal conduct, both for Defendant and society, and the need to protect the public from further crimes heavily influence the Court's recommended sentence, specifically its recommendation of an additional term of supervision. A lengthier sentence would be supported by the need to deter criminal conduct. At the same time, requiring Defendant to remain on home detention with his mother for the first six months of his supervised release significantly increases the chance that Defendant will successfully reintegrate into society, thereby causing him to no longer be a danger to society. This factor is ultimately neutral.

The Court must also consider whether a defendant needs any education, training, or treatment. Here, Defendant needs additional drug treatment to ensure that his past lessons from drug treatment are reinforced. This factor is not significant here, although it marginally supports a less-harsh sentence.

The requirement that the Court seek to avoid unwarranted sentencing disparities among defendants with similar records who are found guilty of similar conduct is most often addressed by a recommended sentence within the Guidelines range. Yet, in this case, the Court believes a sentence outside of the advisory Guidelines range is appropriate. In such a scenario, the Court must provide a "specific reason" for going outside of the Guidelines range. *See United States v. Johnson*, 640 F.3d 195, 205 (6th Cir. 2011) (requiring that any deviation from the Guidelines range be supported by a specific reason that justifies the extent of the deviation). Here, although the term of imprisonment constitutes a downward departure from the guidelines, Defendant's term of imprisonment combined with the time he spends in home detention with his mother falls within

the guidelines range. Further, Defendant's term of imprisonment is sufficiently long to effectuate a course correction. Thus, a downward departure from the guidelines is warranted.

In fashioning its recommended sentence, the Court must take into account whether an additional term of supervised release is warranted. Here, a term of supervised release is warranted in light of the need to ensure that Defendant successfully transitions into being a free person after the term of his imprisonment.

Finally, the Guidelines suggest that the ***primary*** wrong in the supervised release context is violation of the Court's trust by an offender; the particular conduct is an important but secondary issue. *See* U.S.S.G. Chp. 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). Defendant's dishonesty, both with himself and with the judicial system, is unacceptable. Although he eventually did admit to engaging in criminal conduct, Defendant's initial denial when his parole officer questioned him about whether he had taken drugs was indicative of someone not ready to face reality. That lying is a serious breach of the court's trust and counsels imposing a significant sentence.

IV.

Based on Defendant's admitted conduct, and in consideration of the factors discussed above, the Court **RECOMMENDS**:

(1) That Defendant be found guilty of the violations;

(2) Revocation and imprisonment for a term of 12 months; and

(3) A term of supervised release to end on the date in Defendant's original judgment (June 13, 2028) under the conditions contained in that judgment (D.E. 24) with the added special condition that the first six months of supervised release include home detention.

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. D.E. 46. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on District Judge Boom's docket upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 3rd day of October, 2023.

Signed By:
<u>Hanly A. Ingram</u>
United States Magistrate Judge