UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6:19-CR-024-CHB |
| | ) | |
| v. | ) | |
| | ) | |
| ABRAHAM AKIN, | ) | **ORDER ADOPTING** |
| | ) | **RECOMMENDED DISPOSITION** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court following Defendant Abraham Akin's final revocation hearing on four charges of violating conditions of his supervised release. *See* [R. 46]. At the hearing, Defendant waived a formal hearing and stipulated to the violations set forth in the Violation Report [R. 42], and Magistrate Judge Ingram found Defendant competent to so stipulate, and that the stipulation was knowingly, voluntarily, and intelligently made. [R. 47, p. 3].

In his Recommended Disposition, Magistrate Judge Ingram correctly noted that, notwithstanding Defendants' stipulation, the Court must still find "by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3); *see also United States v. Cofield*, 233 F.3d 405, 406 (6th Cir. 2000) ("In order to revoke supervised release, the sentencing court must find by a preponderance of the evidence that a defendant has violated a condition of his supervised release."). Having fully considered the charges and the record before him, Magistrate Judge Ingram recommended that Defendant be found guilty of all violations in the Violation Report, that his supervised release be revoked, and that he be imprisonment for a term of twelve months, followed by a term of supervised release to end on the date in Defendant's original judgment (June 13, 2028) under the conditions contained in that judgment [R. 24]. [R. 47, p. 8]. Magistrate Judge Ingram

informed Defendant of his right of allocution and his right to object to the recommendation. *See id.* at 9. Defendant waived his right of allocution and offered no objection. *See* [R. 48 (Signed Waiver of Allocution)]. The fourteen-day objection period has expired, and the United States also did not object to the Recommended Disposition.

The Court is not required to "review . . . a magistrate [judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal.'") (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996) (quote brackets simplified)); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); FED. R. CRIM. P. 59(b)(2)-(3) (limiting de novo review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

Nevertheless, the Court has reviewed the record and agrees with Magistrate Judge Ingram's Recommended Disposition. The Court thus, with no objection from any party and on full review of the record and Magistrate Judge Ingram's thorough treatment, **ORDERS** as follows:

1. Magistrate Judge Ingram's Recommended Disposition is **ADOPTED** as the opinion of this Court, and the Court **ADJUDGES** Defendant Abraham Akin guilty of the violations contained in the Violation Report [R. 42].

2. The Court **REVOKES** supervision and **SENTENCES** Defendant Akin to 12 months' imprisonment, to be followed by a continuation of supervised release through June 13, 2028 under Akin's original terms of supervision.

3. The Court will enter an appropriate revocation judgment.

This the 12th day of October, 2023.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc:  Counsel of Record
     United States Probation